The court decreed that the petitioner should have equal distribution with the widow and the other children of the property undisposed of by will, and that petitioner should pay her own costs and those of the defendant Hightower, and that the other defendants should pay their own costs; whereupon petitioner appealed to this Court.
All the defendants in this case claim the property under the will of their father, except William, who received a tract of land by way of advancement, as to which, if the question had been undecided, I should have thought it was to be brought into hotchpot upon his claiming a share of the personal estate. But though I did not concur in the decision of Jones v. Jones, 6 N.C. 150, I feel myself bound by it, more especially as many estates have been divided according to it, and the unsettling the law at this time would lead to much confusion. On this ground, and this alone, I am of opinion that the land claimed by William as given him in the lifetime of his father, is not the subject of distribution when a claim is made for the personalty. As the act of 1766 required only that property to be brought into hotchpot which has been settled or advanced to the child in the lifetime of the parent, it necessarily excludes all that which passes by will; and all the children are, consequently, entitled to a distributive share of the personal property of which William Wilson, the father, died intestate, and the judgment of the Superior Court must be affirmed. As the words of the act of 1784, by which the descent of lands is regulated, are not restricted to an act in the lifetime of the parent, a different construction has been made in regard to the settlement of lands, but respecting which no (78) question arises in this case.